## IN THE SUPREME COURT OF THE STATE OF DELAWARE

AMARA GUMANEH,       §

                        §

    Defendant Below-      § No. 683, 2014

    Appellant,            §

                        §

    v.                    § Court Below—Superior Court

                        § of the State of Delaware,

STATE OF DELAWARE,     § in and for Kent County

                        § Cr. ID 1304008022

    Plaintiff Below-        §

    Appellee.            §

Submitted: December 16, 2014
Decided: January 16, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## <u>O R D E R</u>

This 16th day of January 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Amara Gumaneh, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Gumaneh's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Gumaneh was arrested in New Castle County on January 10, 2013 for attempting to sell stolen property that had been taken during a burglary that occurred in Kent County on January 8, 2013. On April 17,

2013, Gumaneh was arrested by Kent County police on charges associated with the January 8 burglary. On June 17, 2013, he pled guilty in Superior Court in New Castle County to one count of Receiving Stolen Property. The Superior Court sentenced him to two years at Level V incarceration to be suspended after serving one year for one year of Level III probation. On October 17, 2013, Gumaneh pled guilty in Superior Court in Kent County to one count of Burglary in the Second Degree. The Superior Court sentenced him on that conviction to eight years at Level V incarceration to be suspended after serving one year for eighteen months at Level III probation.

(3) On November 5, 2014, Gumaneh filed a motion for correction of illegal sentence as to his Kent County sentence, arguing that his sentence for Burglary in the Second Degree violated principles of double jeopardy because he already had been convicted of and sentenced for Receiving Stolen Property. The Superior Court denied his motion on November 21, 2014. This appeal followed.

(4) In his opening brief on appeal, Gumaneh argues that, under 11 Del. C. § 856, a defendant cannot be convicted of receiving stolen property and of stealing the same property that he already was determined to have received. According to Gumaneh, the person who stole the property cannot also be the person who received the stolen property; they must be two different people.

2

(5) We find no merit to Gumaneh's argument in this case. Although Gumaneh is correct in his assertion that, under 11 Del. C. § 856(c), a defendant "may not be convicted of both theft and receiving stolen property" with regard to property appropriated in the same transaction,[1] Gumaneh was not convicted of Theft.[2] He was convicted of Burglary in the Second Degree.[3] Section 856(c) does not apply to his case. Gumaneh cites no case law or statute to support his contention that a defendant may not be separately convicted and sentenced for Burglary in the Second Degree and Receiving Stolen Property.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[1] 11 *Del. C.* § 856(c) (2007). Section 856(c) states, "A person may not be convicted of both theft and receiving stolen property, or both theft of a firearm and receiving a stole firearm, with regard to property appropriated in the same transaction or series of transactions. A person may be charged with the crime the person seems most likely to have committed and may be convicted as provided in subsections (a) and (b) of this section."

[2] *See id.* § 841(a), which states that, "A person is guilty of theft when the person takes, exercise control over or obtains property of another person intending to deprive that person of it or appropriate it. Theft includes the acts described in this section, as well as those described in §§ 841A-846 of this title."

[3] *See id.* § 825(a)(1), which states that "A person is guilty of burglary in the second degree when the person knowingly enters or remains unlawfully...[i]n a dwelling with intent to commit a crime therein...."

3